IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JAVIER RIVERA-RIVERA,

**Petitioner**

v.

UNITED STATES OF AMERICA,

**Respondent**

**CIVIL NO.** 08-1438 (JAG)
**CRIMINAL NO.** 04-025 (JAG)

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

Pending before the Court is a motion requesting habeas corpus relief under 28 U.S.C. 2255. The motion was filed by Petitioner Javier Rivera-Rivera ("Petitioner"). (Docket No. 1). For the reasons set forth below, the Court **DENIES** Petitioner's motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

In the case at bar, Petitioner was convicted and sentenced for knowingly and intentionally participating in a conspiracy to possess with intent to distribute one kilogram of heroin in violation of 21 U.S.C. § 246. Petitioner was also convicted of use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924. (Criminal No. 04-025 (JAG), Docket No. 105). Petitioner's conviction was upheld by the First Circuit. United States v. Rivera-Rivera, 477 F.3d 17 (1st Cir. 2007).

On April 15, 2008, Petitioner filed the present habeas

Civil No. 08-1438 (JAG)                                              2

petition in which he argued that his conviction should be set aside because the ineffectiveness of his counsel violated his Sixth Amendment rights.[1] Specifically, Petitioner alleged that his trial attorney was ineffective in failing to investigate and study discovery prior to trial, which led to an improper highly prejudicial cross-examination of the main government witness. Moreover, Petitioner averred that trial counsel was ineffective when she failed to object to this Court's instruction as to "reasonable doubt." Petitioner also contends that his appellate counsel was deficient because he failed to bring to the First Circuit's attention the faulty reasonable doubt instruction. According to Petitioner, the reasonable doubt instruction error met the "plain error" standard of review. Finally, Petitioner claimed that trial counsel was ineffective in allowing the magistrate judge who presided over jury selection to reduce the peremptory challenges to eight (8) instead of the ten (10) established in

---

[1] The Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984) set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:
> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Federal Rules of Criminal Procedure 24(b)(2) and the additional peremptory challenge given for alternate jurors.[2] Petitioner stressed that he never agreed to said reduction as no waiver was ever obtained from him. Petitioner also argued that his appellate counsel's performance was deficient because he failed to bring to the First Circuit Court's attention that his statutory right to peremptory challenges was impaired.[3]

According to Petitioner, the impairment of his right to exercise all the peremptory challenges afforded to him by the Rules of Federal Criminal Procedure constituted reversible error. Petitioner averred that he was prejudiced by his attorneys' omission. In sum, Petitioner claimed that his attorneys' deficient performance and the resulting prejudice entitled him to relief under section 2255.[4] (Docket No. 1). On August 21, 2008, the

---

[2] Federal Rule of Criminal Procedure 24(b)(2) states in pertinent part that "the defendant or defendants jointly have 10 peremptory challenges when the defendant is charged with a crime punishable by imprisonment of more than one year." Furthermore, Federal Rule of Criminal Procedure 24(c)(4)(A) provides that "[o]ne additional peremptory challenge is permitted when one or two alternates are impaneled."

[3] Petitioner had different attorneys at the district and appellate level. Specifically, Petitioner's trial attorney was Lydia Lyzarribar and his appellate counsel was Michael Hasse.

[4] Although non-constitutional issues such as the violation of a statutory right afforded by the Federal Rule of Criminal Procedure 24 cannot serve as an independent basis for section 2255 relief, the fact that the non constitutional issue was not brought to the district court's attention nor raised on direct appeal can be used as evidence of ineffective assistance of counsel. See Belford v. United States, 975 F.2d 310, 313 n.1 (7th Cir. 1992) overruled on other grounds by Castellanos v. United

Civil No. 08-1438 (JAG)                                           4
Government opposed Petitioner's motion. (Docket No. 13).

Petitioner's request for habeas corpus relief was referred to a Magistrate Judge for a Report and Recommendation. (Docket Nos. 3 and 4). On March 2, 2009, the Magistrate Judge issued his Report and Recommendation. The Magistrate Judge determined that Petitioner had not adequately established that he suffered from ineffective assistance of counsel. Accordingly, the Magistrate Judge recommended that Petitioner's motion be denied. (Docket No. 14). On March 30, 2009, Petitioner objected to the Magistrate Judge's recommendation. In his objections, Petitioner rehashed the three arguments that were presented to the Magistrate Judge. (Docket No. 17).

**STANDARD OF REVIEW**

1) <u>Standard for Reviewing a Magistrate-Judge's Report and Recommendation</u>

Pursuant to 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); and Local Rule 503; a District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. See <u>Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc.</u>, 286 F.Supp.2d

---

States, 26 F.3d 717, 719-20 (7th Cir. 1994). In turn, ineffective assistance of counsel because it is a constitutional issue, can serve as a basis for section 2255 relief. <u>Id</u>; <u>Green v. United States</u>, 972 F. Supp. 917, 919 (E.D. Pa. 1997) (holding that even though a violation of Rule 24(b) is not a constitutional claim and, therefore, ordinarily does not form a basis for relief under section 2255, the failure to raise it on direct appeal can constitute a valid basis for an ineffective assistance of counsel claim).

Civil No. 08-1438 (JAG)                                              5

144, 146 (D.P.R. 2003). The adversely affected party may "contest the Magistrate Judge's report and recommendation by filing objections 'within ten days of being served' with a copy of the order." United States of America v. Mercado Pagan, 286 F.Supp.2d 231, 233 (D.P.R. 2003) (citing 28 U.S.C. § 636(b)(1)). If objections are timely filed, the District Judge shall "make a de novo determination of those portions of the report or specified findings or recommendation to which [an] objection is made." Rivera-De-Leon v. Maxon Eng'g Servs., 283 F. Supp. 2d 550, 555 (D.P.R. 2003). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," however, if the affected party fails to timely file objections, "the district court can assume that they have agreed to the magistrate's recommendation." Alamo Rodriguez, 286 F.Supp.2d at 146 (citing Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985)).

   2) Section 2255

   This Court has jurisdiction to entertain a section 2255 motion only where the petitioner is currently in custody under the sentence of a federal court. 28 U.S.C. § 2255. A motion under section 2255 must allege that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or

Civil No. 08-1438 (JAG)                                                6

(4) the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255. Should a court find any of these errors, it "shall vacate and set the judgment aside and shall discharge the prisoner or re-sentence him or grant a new trial or correct the sentence as may appear appropriate." Id. Claims which do not allege constitutional or jurisdictional errors may be brought under section 2255 only if the claimed error would result in a complete miscarriage of justice. See Knight v. United States, 37 F.3d 769, 772 (1st Cir. 1994) (citing Hill v. United States, 368 U.S. 424, 428 (1962)).

## DISCUSSION

As just mentioned, Petitioner rehashed the arguments presented to the Magistrate Judge. This Court need not seriously consider an objecting party's filing where it simply restates the arguments the Magistrate Judge previously considered. Castro-Rivera v. Citibank, N.A., 195 F. Supp. 2d 363, 365 (D.P.R. 2002). Accordingly, this Court will review de novo the Report and Recommendation without the benefit of any new argument of substance embodied in Petitioner's objections. Id.

To succeed with his ineffective assistance of counsel claim, Petitioner must demonstrate: (1) deficient performance by his attorney and (2) that his defense was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984). The first prong of the Strickland test requires that Petitioner

Civil No. 08-1438 (JAG)                                                7

show that "counsel's representation fell below an objective standard of reasonableness." Id. at 688. Basically, Petitioner "must establish that counsel was not acting within the broad norms of professional competence." Owens v. United States, 483 F.3d 48, 57 (1st Cir. 2007) (internal citations omitted). To do so, Petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Strickland, 466 U.S. at 690. In order to prove the second prong, Petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. This Court will begin by discussing whether Petitioner's contention that he was not afforded the number of peremptory challenges mandated by Federal Rule of Criminal Procedure 24 is a basis for his ineffective assistance of counsel claim.

   1) Peremptory Challenges

Petitioner alleges that the omissions by his attorneys that fell below an objective standard of reasonableness was their failure to bring to this Court and the First Circuit's attention the impairment of his statutory right to a full complement of peremptory challenges. Federal Rule of Criminal Procedure 24(b)(2) entitled Petitioner to ten (10) peremptory challenges as he was charged with a crime punishable by imprisonment for more than one year. Furthermore, Federal Rule of Criminal Procedure 24(c)(4)(A)

Civil No. 08-1438 (JAG)                                                8

permits one (1) peremptory challenge for alternates if the presiding judge decides to have one or two available. During Petitioner's voir dire, he was provided with eight (8) peremptory challenges for active jurors and zero (0) alternate peremptory challenges with two alternates selected to be on the panel. At no point did Petitioner's trial counsel object to the reduction. Moreover, Petitioner did not consent to the reduction through an express waiver. (Tr. July 2, 2004, Criminal No. 04-025 (JAG), Docket No. 121, p. 62).

Petitioner's claim of impairment of the statutory right to a full complement of peremptory challenges was apparent from the record. Further, Petitioner had a high probability of succeeding on the merits had his trial counsel brought to this Court's attention that he was not afforded the full number of peremptory challenges mandated by Rule 24. This omission by Petitioner's trial attorney certainly constitutes a deficient performance. Likewise, appellate's counsel failure to raise this claim on appeal constituted oversight. In sum, this omission by Petitioner's attorneys fell below the objective standard of reasonableness required under <u>Strickland</u>. Thus, this Court will now proceed to determine whether the second prong of the <u>Strickland</u> test is satisfied, that is, whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

Civil No. 08-1438 (JAG)                                                9

"[P]eremptory challenges are not of constitutional dimension." Ross v. Okla., 487 U.S. 81, 88 (1988) (internal citations omitted). They are one mean to achieve the Sixth Amendment's right to an impartial jury. United States v. Martinez-Salazar, 528 U.S. 304, 307 (2000). The Supreme Court had previously suggested that "[t]he denial or impairment of the right [to exercise peremptory challenges] is reversible error without a showing of prejudice." Swain v. Alabama, 380 U.S. 202, 219 (1965). However, the Court later on rejected the notion that "without more 'the loss of a peremptory challenge constitutes a violation of the constitutional right to an impartial jury.'" Martinez-Salazar, 528 U.S. at 313 (citing Ross, 487 U.S. at 88). Typically, an error is designated "as 'structural,' therefore 'requir[ing] automatic reversal,' only when 'the error 'necessarily render[s] a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence.'" Rivera v. Illinois, No. 07-9995, 2009 U.S. LEXIS 2495, at *22 (U.S. Mar. 31, 2009) (internal citations omitted) (alterations in original). Thus, a loss of a peremptory challenge would equate to a constitutional violation requiring automatic reversal if said loss resulted in a jury that is not impartial. See Martinez-Salazar, 528 U.S. at 313 (citing Ross, 487 U.S. at 88). Accordingly, as long as the jury that sits is impartial there is no Sixth Amendment violation. See id.

Essentially, Petitioner argues without more that the fact he

Civil No. 08-1438 (JAG) 10

was not afforded all of the peremptory challenges is reversible error. As just mentioned, such an argument is not sufficient to show reversible error. Here, Petitioner makes no allegations and offers no evidence that the jury that sat during his trial was not impartial. Hence, this Court finds no reason to hold that Petitioner's criminal trial was fundamentally unfair or unreliable.

In sum, this Court finds that Petitioner's allegation that the impairment of his statutory right to a full complement of ten peremptory challenges constitutes reversible error is meritless. Therefore, it cannot serve as a basis for its claim of ineffective assistance because there is no reasonable probability that, but for counsel's unprofessional errors in not bringing this mistake to this Court or the First Circuit's attention, the result of the proceeding would have been different. Accordingly, Petitioner's request for habeas relief on this ground is denied.

2) <u>Government's Witness Cross Examination</u>

Petitioner submits that during the direct testimony of the main Government witness, no mention was made about any prior instances of illegal narcotics activity that involved him. Petitioner points to a portion of the transcripts that shows that during the Government witness' cross examination his trial attorney asked several questions that resulted in the witness stating that Petitioner had been involved in the theft of marihuana. (Tr. July 12, 2004, Criminal No. 04-025 (JAG), Docket No. 101, pp. 34-35).

Civil No. 08-1438 (JAG)                                               11

According to Petitioner, if his trial counsel had examined the evidence provided by the Government, she would not have asked the question that led to these statements by the Government witness. In support of his contention, Petitioner submitted a portion of the transcript of a sidebar requested by his trial attorney, which shows that she was unaware that the Government had provided information to Petitioner's trial attorney that would have alerted her to that fact that the witness had previously stated to the Federal Bureau of Investigations that Petitioner had been involved in the theft of marihuana. (Tr. July 12, 2004, Criminal No. 04-025 (JAG), Docket No. 101, pp. 37-38).

While it is arguable that Petitioner's trial attorney was deficient, this Court cannot find that Petitioner's defense was prejudiced by the deficient performance. As noted by the First Circuit in the appeal of Petitioner's criminal case, "[g]iven the pellucid trial record, it is inconceivable that, were it not for the admission of the [witness'] testimony regarding Petitioner's prior marijuana theft, the jury would have concluded that [Petitioner] was unaware that the conspiracy encompassed the theft of heroin." Rivera-Rivera, 477 F.3d at 20-21. Thus, Petitioner's deficient performance in cross examining the Government's main witness is not grounds for his ineffective assistance of counsel claim.

3) Reasonable Doubt Instruction

Civil No. 08-1438 (JAG)                                              12

Petitioner avers that the reasonable doubt instruction given by this Court constituted reversible error. According to Petitioner, both his trial and appellate attorneys provided ineffective assistance of counsel because this alleged mistake was not preserved at the trial level nor raised on direct appeal.

One of the very limited cases where an error is found to be "structural" and, thus, subject to automatic reversal is when a defective reasonable doubt instruction is given. Sullivan v. Louisiana, 508 U.S. 275, 281-282 (1993). "Reasonable doubt instructions are erroneous when, taken as a whole, they have a 'reasonable likelihood' of misleading the jury to believe that it can convict on some lesser standard of proof than that required under the reasonable doubt standard." United States v. Romero, 32 F.3d 641, 651 (1st Cir. 1994) (internal citations omitted).

Petitioner first argues that this Court improperly used a "tip of the scales" opening instruction, which had the potential for misleading the jury into applying a diluted burden of proof. Second, Petitioner claims that the closing instruction that: "Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge" constitutes reversible error because it lessens the Government's burden of proof. Specifically, Petitioner alleges that this Court erred in employing the words "settled conviction" instead of the

Civil No. 08-1438 (JAG)                                                  13

"hesitate to act" definition in its final jury instructions. Third, Petitioner stresses that this Court undercut the Government's burden when it instructed the jury that if they viewed the "evidence in the case as reasonably permitting either of two conclusions-one that the defendant is guilty as charged, the other that the defendant is not guilty - you will find the defendant not guilty." This Court will first address Petitioner's objection to the "tip of the scales" opening instruction.

At the beginning of trial this Court gave the following instruction to the jury:

> But here the Government has the burden of proving the guilt of defendant beyond a reasonable doubt. If we have, you know, like a balance, one of those weight balances, you know, if it tips somewhat like this (indicating), that would be a civil case. If it goes down or it stays level, it would be a reasonable doubt. Okay?

(Tr. July 8, 2004, Criminal No. 04-025 (JAG), Docket No. 99, p.9). In the opening reasonable doubt instruction, this Court used an example of a balance to explain that the reasonable doubt standard is different from the preponderance of the evidence standard in civil cases. This Court stressed that in civil cases, the winning party must have the scale tip more toward its side, while in criminal cases there is reasonable doubt when the balance stays level or tips toward doubt. The opening instruction as a whole informs jurors that reasonable doubt standard imposes a "heavier burden" than the standard used in civil trials. Cf. United States v. Romero, 32 F.3d 641, 651 (1st Cir. 1994) (finding that although

Civil No. 08-1438 (JAG)                                                14

the Court's statement that "the scale must tip more to the government's side" may, if taken in isolation, suggest a somewhat diluted burden of proof, the Court was clear that the reasonable doubt standard was distinct from, and imposed a "heavier burden" than, the preponderance standard used in civil trials).

As to Petitioner's second objection, it is important to note that the First Circuit has held that "a district court's refusal to include 'hesitate to act' language in its explanation of reasonable doubt to the jury does not constitute reversible error." <u>United States v. Cleveland</u>, 106 F.3d 1056, 1062 (1st Cir. 1997). However, the First Circuit has noted that if a Court uses language when discussing "reasonable doubt" as pointed out by Petitioner in his third objection[5] there is a risk of undercutting the government's

---

[5] The relevant portion of the final instruction provided to the jury states as follows:
A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence. Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge.
Of course, a defendant is never to be convicted on suspicion or conjecture.  If, for example, you view the evidence in the case as reasonably permitting either of two conclusions — one that a defendant is guilty as charged, the other that the defendant is not guilty — you will find the defendant not guilty.
It is not sufficient for the Government to establish a probability, though a strong one, that a fact charged is more likely to be true than not true. That is not enough to meet the burden of proof beyond reasonable doubt. On the other hand, there are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.
Concluding my instructions on the burden, then, I instruct you that what the Government must do to meet its heavy burden is

Civil No. 08-1438 (JAG)                                             15

burden by "suggesting [to the jury] that they should find the defendant guilty if they think he is not innocent -- regardless of how convincing the government's proof has been." <u>United States v. Guerrero</u>, 114 F.3d 332, 345 (1st Cir. 1997) (internal citations omitted). This Court's instruction to the jury that: if they view the "evidence in the case as reasonably permitting either of two conclusions-one that the defendant is guilty as charged, the other that the defendant is not guilty" they should find the defendant not guilty, (Tr. July 12, 2004, Criminal No. 04-025 (JAG), Docket No. 124, p. 110), if taken in isolation, could suggest a somewhat diluted burden of proof. However, after reviewing the instructions given to the jury as a whole, this Court finds that the jury was made aware that the reasonable doubt standard imposed a heavy burden whereby Petitioner could only be convicted of the crimes charged if the Government established the truth of each of the elements of the offense by proof that left them with no reasonable doubt.

As mentioned above, at the beginning of trial, it was indicated to the jury that the reasonable doubt standard was distinct from and more burdensome than the standard in civil cases. Further, in the closing instructions, this Court stressed that

---

to establish the truth of each element of the offense charged by proof that convinces you and leaves you with no reasonable doubt, and thus satisfies you that you can, consistently with your oath as jurors, base your verdict upon it. (Tr. July 12, 2004, Criminal No. 04-025 (JAG), Docket No. 124, p. 110-11).

Civil No. 08-1438 (JAG)                                          16

Petitioner could not be convicted on suspicion or conjecture. Additionally, at the end of trial, this Court instructed that a strong probability that a fact charged is more likely to be true than not true did not meet the burden of proof beyond a reasonable doubt. Moreover, this Court indicated that reasonable doubt could be produced from a lack of evidence. (Tr. July 12, 2004, Criminal No. 04-025 (JAG), Docket No. 124, p. 110-11). Thus, we find that this Court's instruction did not mislead the jury to believe that it could convict Petitioner on some lesser standard of proof than that required under the reasonable doubt standard.

This Court holds that the instructions given to the jury would not constitute reversible error. Therefore, Petitioner cannot meet the second prong of the <u>Strickland</u> test. In conclusion, this Court finds that Petitioner has failed to show that his Sixth Amendment right was violated because of the ineffectiveness of his counsels at the trial and appellate levels.

## CONCLUSION

For the reasons discussed above, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation in its entirety. (Docket No. 11). Petitioner's motion for habeas corpus relief is **DENIED**. (Docket No. 1).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 20th day of April, 2009.

Civil No. 08-1438 (JAG)                                                                 17


                                         S/Jay A. Garcia-Gregory
                                         JAY A. GARCIA-GREGORY
                                         United States District Judge